IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALEXIS B.,

        Plaintiff,

v.                                        Civil Action No. 3:19cv822

ANDREW M. SAUL,
*Commissioner of*
*Social Security Administration*

        Defendant.

## MEMORANDUM OPINION

Plaintiff Alexis B. challenges the decision of the Commissioner of the Social Security Administration (the "Commissioner") finding that she did not suffer from a qualifying disability and therefore denying her claims for Supplemental Security Income. This matter comes before the Court on the Report and Recommendation ("R&R") prepared by the Honorable Elizabeth W. Hanes, United States Magistrate Judge, (ECF No. 16), addressing the Parties' cross-motions for summary judgment, (Pl.'s Mot. Summ. J., ECF No. 12; Def.'s Mot. Summ. J., ECF No. 14). The Magistrate Judge recommends that this Court deny Plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and uphold the final decision of the Commissioner. Plantiff objects to the R&R ("Objection"). (Pl.'s Obj. R&R, ECF No. 17.) The Commissioner responded in opposition to Plaintiff's Objection, (Def.'s Resp., ECF No. 18), and

Plaintiff replied. (Reply, ECF No. 19.) The Court exercises jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).[1]

For the reasons articulated below, the Court will overrule Plaintiff's Objection and adopt the R&R. Accordingly, the Court will deny Plaintiff's Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and affirm the Commissioner's decision.

The instant case involves Plaintiff's claim for Social Security Disability Benefits under the Social Security Act. On October 31, 2018, an Administrative Law Judge ("ALJ") issued a written opinion finding that Plaintiff did not qualify for disability benefits. (R. 15–27.) Relevant to this appeal, the ALJ explained that although Plaintiff suffers from lymphedema, major depressive disorder, and an anxiety disorder, which constitute severe impairments, (*Id.* 17), the severity of her impairments "considered singly and in combination, do not meet or medically equal the criteria of listings," meaning she did not qualify as disabled at Step 3 of his review.[2] (*Id.* 19.) Because Plaintiff's impairments did not "meet the criteria of a listed impairment," nor did she show "significant indicia that any impairment or combination thereof medically equals the severity of a listed impairment," the ALJ did not obtain "expert testimony on the matter." (*Id.* 18.) After the Appeals Council denied Plaintiff's administrative appeal, she sought review in this Court.

---

[1] Section 405(g) provides in relevant part, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he [or she] was a party . . . may obtain a review of such decision by a civil action . . . in [a] district court." 42 U.S.C. § 405(g). Section 1383(c)(3) confirms that "[t]he final determination of the Commissioner after . . . a hearing . . . shall be subject to judicial review as provided in section 405(g)." 42 U.S.C. § 1383(c)(3).

[2] The ALJ explained that while Plaintiff "does use a wheelchair at times, . . . which indicates an inability to ambulate effectively," she did not show "major joint dysfunction characterized by gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joints." (*Id.* 18.)

2

In the Objection, Plaintiff asserts that the Magistrate Judge applied the wrong standard when determining that Plaintiff "failed to show that her Lymphedema produces the same clinical findings underlying Listings which [Plaintiff] contended were 'the most analogous.'" (Pl.'s Obj. 2, ECF No. 17.) Because the regulation requires only that Plaintiff's Lymphedema findings "are at least of equal medical significance to those of a listed impairment," Plaintiff maintains that the ALJ and the Magistrate Judge did not apply the appropriate standard of law. (*Id.* 3.) Plaintiff further contends that the ALJ "abused his discretion in failing to call for the services of a Medical Expert" to provide input at the administrative hearing stage. (*Id.* 4.) Plaintiff asks this Court to reject the R&R and remand this matter "to the Commissioner for the full and fair development of the record." (*Id.* 5.)

## I. STANDARD OF REVIEW

### A. Appellate Standard of Review

This Court reviews *de novo* any part of the magistrate judge's R&R to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C);[3] Fed. R. Civ. P. 72(b)(3).[4] In doing so, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Judicial review of a final decision regarding disability benefits requires that this Court "uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were

---

[3] The subsection provides: "The magistrate judge shall file his [or her] proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties." 28 U.S.C. § 636(b)(1)(C).

[4] The rule provides that, in resolving objections, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

3

reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (quoting *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001)). Substantial evidence requires "more than a mere scintilla of evidence but less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (quoting *Hancock*, 667 F.3d at 472).

If substantial evidence does not support the ALJ's decision, or if the ALJ has made an error of law, the Court must reverse the decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro*, 270 F.3d at 176 (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)).

### B. Determining Eligibility for Benefits

Because this case involves a decision determining eligibility for benefits, the Court reviews "whether the ALJ's finding . . . was reached based upon the correct application of the relevant law." *Craig*, 76 F.3d at 589 (citing *Coffman*, 829 F.2d at 517). The "[d]etermination of eligibility for social security benefits involves a five-step inquiry." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002); *see* 20 C.F.R. §§ 416.920(a)(4), 404.1520.

In step one, the "ALJ asks . . . whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements." *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). The second step of the five-step sequential analysis requires that the factfinder decide whether the claimant suffers from a

4

"severe" impairment, irrespective of age, education, and work experience. 20 C.F.R. §§ 404.1520(c) & 416.920(c). The Commissioner has issued regulations that define the scope of the term "severe impairment":

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.

20 C.F.R. §§ 404.1520(c) & 416.920(c). If the claimant does not have a severe impairment under this definition, the ALJ typically will deny the claim without proceeding through the remainder of the sequential analysis. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

At step three, which Plaintiff challenges here, the ALJ must decide whether the medical impairment meets or equal an impairment listed in the regulations. *Mascio*, 780 F.3d at 634. "Satisfying step 3 warrants an automatic finding of disability, and relieves the decision maker from proceeding to steps 4 and 5." *Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 659 (4th Cir. 2017) (citing 20 C.F.R. § 404.1520(d)).

"If the claimant satisfies steps 1 and 2, but not step 3, then the decision maker must determine the claimant's residual functional capacity, that is, an evaluation of [his or] her ability to perform work despite [his or] her limitations ('RFC assessment')." *Id.* (citing 20 C.F.R. § 404.1520(e)). "A Social Security claimant's RFC represents the most [she] can still do despite [her] limitations." *Dowling v. Comm'r of Soc. Sec. Admin.*, No. 19-2141, 2021 WL 203371, at *6 (4th Cir. Jan. 21, 2021). "The Administration has specified the manner in which an ALJ should assess a claimant's RFC." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019). A claimant's RFC assessment considers his or her capacity to perform sustained physical and mental activities on a regular and continuous basis, in spite of his or her limitations. *See* SSR 96-8p (policy interpretation for assessing RFC). "[E]very conclusion

5

reached by an ALJ when evaluating a claimant's RFC must be accompanied by "a narrative discussion describing . . . the evidence that supports it." *Dowling*, 2021 WL 203371, at *6.

After conducting the RFC assessment, the ALJ proceeds to step four and considers whether the claimant could continue performing the work that he or she did in the past; if not, the ALJ moves on to step five. *See Patterson*, 846 F.3d at 659; *see also* 20 C.F.R. § 404.1520(a)(4)(iv) (noting step four considers "past relevant work"). "At step five, the ALJ determines whether the claimant—given [his or] her RFC, [his or] her age, [his or] her education, and [his or] her prior work experience—can do any other work that 'exists in significant numbers in the national economy.'" *Thomas*, 916 F.3d at 310 (quoting 20 C.F.R. § 416.960(c)(2)).

If, at any step of the analysis, the ALJ determines that the claimant is not disabled, the inquiry must stop and the ALJ must deny the claim. 20 C.F.R. § 404.1520(a)(4). "For the first four steps, the burden lies with the claimant; at step five, it shifts to the Commissioner." *Thomas*, 916 F.3d at 310.

This appeal focuses on Step 3, the listed impairments step or "Listings." The Social Security Administration has promulgated regulations containing "listings of physical and mental impairments which, if met, are conclusive on the issue of disability."[5] *McNunis v. Califano*, 605

---

[5] Beyond those regulations that promulgate the Listings, another relevant Social Security regulation addressing impairments, but which only, unlike this case, applies to claims filed after March 27, 2017, states:

> If you have an impairment(s) that is not described in the Listing of Impairments in appendix 1 of subpart P of part 404 of this chapter, we will compare your findings with those for closely analogous listed impairments. If the findings related to your impairment(s) are at least of equal medical significance to those of a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing.

20 C.F.R. § 416.926(b)(2); *see also* 20 C.F.R. § 404.1526(b)(2) (regarding medical equivalence, explaining that if an impairment "is not described in appendix 1, we will compare your findings

6

F.2d 743, 744 (4th Cir. 1979). "A claimant is entitled to a conclusive presumption that he [or she] is impaired if he [or she] can show that his [or her] condition meets or equals the listed impairments." *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013) (internal quotation marks and citation omitted).[6]

## II. ANALYSIS

In the Objection, Plaintiff objects to: (1) the ALJ's determination at step three, claiming that the ALJ erred when evaluating her Lymphedema; and, (2) the ALJ's decision not to obtain input from a Medical Expert. Accordingly, this Court will limit its analysis to those issues. *See United States v. George*, 971 F.2d 1113, 1117 (4th Cir. 1992) ("[T]he court . . . shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." (citation and quotation marks omitted)).

The Court will overrule Plaintiff's first objection as to the ALJ's and Magistrate Judge's standard of review at Step 3. Longstanding caselaw based on then–applicable regulations directs this Court to require a claimant to show that an impairment meets or equals a listed impairment in Step 3, which she must do by demonstrating that her impairment meets all the specified criteria in the relevant listing. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (citation omitted) ("An impairment that manifests only some of [the] criteria, no matter how severely, does not qualify.") However, the claimant need not show that all the listed symptoms were

---

with those for closely analogous listed impairments. If the findings related to your impairment(s) are *at least of equal medical significance* to those of a listed impairment, we will find that your impairment(s) is medically equivalent to the analogous listing.") (emphasis added). The applicable regulations often hinge on the date the Plaintiff files his or her disability claim.

[6] If the claimant's impairments are not listed, the claimant may nevertheless qualify for benefits if he or she shows that he or she cannot perform his past work, and cannot—in light of his or her residual functional capacity, age, education, and work experience—perform other work. *Bowen v. City of New York*, 476 U.S. 467, 471 (1986).

present at the same time. *Jones v. Berryhill*, 681 F. App'x 252, 255 (4th Cir. 2017); *see also Radford*, 734 F.3d at 294 ("A claimant need not show that each symptom was present at precisely the same time—i.e., simultaneously—in order to establish the chronic nature of his condition. Nor need a claimant show that the symptoms were present in the claimant in particularly close proximity."). "Instead, a claimant must show only that each of the listed symptoms are documented in the record, and that the impairment is expected to last continuously for at least 12 months." *Id.* at 255 (citations omitted). When reviewing impairments and Listings at Step 3, "[t]he critical durational inquiry for purposes of awarding benefits is whether the impairment has lasted or is expected to last 'for a continuous period of at least 12 months.'" *Radford*, 734 F.3d at 293 (quoting 20 C.F.R. § 404.1509).

The Court finds that the ALJ and the Magistrate Judge applied the correct standard when reviewing Step 3. (*See generally* R&R 8–14.) As the R&R explains, Plaintiff did not produce evidence of symptoms showing that her lymphedema causes "an incompetent venous system." (R&R 9), or that her lymphedema affects her venous system. The R&R also notes that the ALJ considered that Plaintiff had an inability to ambulate effectively, but she did not suffer anatomical deformity or chronic joint pain or other continuous impairments.[7] (*See also* R. 18–

---

[7] The ALJ also made credibility findings consistent with the applicable regulations when assessing Plaintiff's RFC. (*See* R. 21-24.) For instance, the ALJ found that three of Plaintiff's mother's coworkers corroborated Plaintiff's testimony regarding her functioning (R. 21), while recognizing that the coworkers had only two or three interactions with Plaintiff when compared to the more frequent observations of her health care providers. (R. 23.) The R&R likewise observes that the ALJ made credibility findings consistent with the applicable regulations, noting, for example, the ALJ's decision to exclude leg elevation from Plaintiff's RFC determination:

The ALJ considered Plaintiff's testimony that she elevates her legs for multiple hours during the day, but ultimately did not assign it controlling weight because it

8

19.) Thus, the ALJ properly conducted his medical equivalence analysis and substantial evidence supports his findings, and the R&R applies to appropriate standard of review.

The Court will overrule Plaintiff's second objection concerning the ALJ's decision to decline medical expert input. A medical advisor or expert serves as a neutral party who renders expert opinion based solely on medical records and evidence. *See Richardson v. Perales*, 402 U.S. 389, 408 (1971). Regulations direct an ALJ to utilize a medical advisor when the record does not make clear whether a claimant's impairments are equivalent in severity to impairments in the Listings or the onset date of disability for slowly progressive impairments. *Puckett v. Barnhart*, No. 1:01cv584, 2003 WL 1831066, at *10 (E.D. Tex. Feb. 5, 2003). Relevant here, an ALJ must seek the opinion of a medical advisor when: (1) the ALJ concludes that the claimant does not meet the specific criteria outlined in the Listings but reasonably believes claimant's impairments may be judged equivalent; or, (2) if an ALJ receives additional medical evidence that he or she believes may change the "State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairments in the Listings." SSR 96–6p, 61 F.R. 34466, 34468 (July 2, 1996).[8]

---

was not consistent with Plaintiff's medical treatment plans, which never included leg elevation as a prescribed treatment.

(R&R 17–18.)

[8] On November 17, 2016, Plaintiff filed her claim. (R. 118.) At that time, Social Security Ruling ("SSR") 96-6p directed that "the ALJ should obtain an updated medical opinion from a medical expert [w]hen additional medical evidence is received that in the opinion of the administrative law judge . . . may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." SSR 96-6p.
On March 17, 2017, regulatory changes rescinded SSR 96-6p with respect to claims filed on or after March 27, 2017. *See* SSR 17-2p, Rescission of SSR 96-2p, 96-5p, and 06-3p, 82 F.R. 15263 (Mar. 27, 2017); 20 C.F.R. § 404.1520c. Plaintiff cites in her Objection Social Security Ruling 17-2p, which took effect *after* she filed her claim. (Obj. 4.)

9

Here, the ALJ, after "conducting a full review of the evidence," found that none of Plaintiff's "impairments [met] the criteria of a listed impairment" either singly or in combination "sufficient to warrant expert testimony on the matter." (R. 18.) Because the ALJ, after reviewing the record, did not believe Plaintiff's severe impairments could be judged equivalent to the Listings, the ALJ was not required to obtain testimony from a medical expert.[9] Further, nothing in the record indicates that Plaintiff's evidence could have changed a State agency or

---

Plaintiff filed her claim in 2016 and SSR 17-2p should not be retroactively applied. But even were the Court to consider SSR 17-2p it would not alter the outcome here. SSR 17-2p states:

> At the hearings level of the administrative review process, administrative law judges (ALJ[s] ) . . . determine whether an individual's impairment(s) meets or medically equals a listing at step 3 of the sequential evaluation process.
>
> If an adjudicator at the hearings . . . level believes that the evidence does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, we do not require the adjudicator to obtain [Medical Expert] ME evidence or medical support staff input prior to making a step 3 finding that the individual's impairment(s) does not medically equal a listed impairment.

SSR 17-2p; *see also Jammer v. Commissioner*, No. 18-10445, 2019 WL 1372171, at *7 (E.D. Mich. Feb. 22, 2019) ("Defendant is correct that under SSR 17-2p, an ALJ may find that a claimant does not medically equal a listed impairment without the support of a medical opinion. . . ."). Considering either SSR 96-6p or SSR 17-2p, the record reflects that the ALJ did not err when electing not to consult a medical expert because the ALJ did not believe Plaintiff's impairments medically equaled a listed impairment.

[9] Although the R&R does not address expert testimony, the Court finds that such an omission does not warrant rejecting it. The Court will not disturb the R&R or the ruling below because, after conducting its own *de novo* review, this Court finds that the ALJ did not err in making his determination at Step 3 without consulting a medical expert. Moreover, the burden at Step 3 rests on Plaintiff's shoulders, and as previously detailed, she did not satisfy that burden.
Relatedly, the Commissioner argues that Plaintiff did not properly raise the issue concerning medical expert testimony, but the Court disagrees. Plaintiff's Motion for Summary Judgment questions whether the ALJ erred when electing not to "obtain the input of a medical expert on the issue of equalization in medical severity." (Pl's. Mot. Summ. J. 3, ECF No. 13.) Plaintiff requests that upon remand, "the Commissioner . . . be required to obtain the input of a Medical Expert," citing Social Security Rule 17-2p. (*Id.* 12.) This sufficiently preserves the issue for appeal.

10

medical or psychological consultant's finding over the severity of Plaintiff's symptoms. The R&R similarly observed that the ALJ did not err in conducting his medical equivalence analysis. (R&R 14.) This does not offend the relevant regulations concerning medical expert testimony, nor does it amount to an abuse of discretion.

### III. CONCLUSION

For the foregoing reasons, the Court will overrule the Objection and adopt the R&R.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 2-11-21
Richmond, Virginia